IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE LEON BARNES,** )<br>)<br>**Plaintiff** )<br>)                                       **Case No. 1:19-cv-329-SPB**<br>vs. )<br>)<br>**ERIE COUNTY PRISON** )<br>**ADMINISTRATIVE, et al.,** )<br>)<br>**Defendants.** ) | |

## MEMORANDUM OPINION

### I.   Background

Plaintiff Terrance Leon Barnes, a former inmate at the Erie County Prison ("ECP"), commenced this *pro se* civil rights action on November 12, 2019, seeking redress for the alleged violation of his federal constitutional rights. The complaint is directed against "Erie County Prison – Administrative," Deputy Michael Holman, Deputy Michael Bryant, Lt. Jean Ricci, Officer Jaruszewicz, Lt. Roger Hermann, Warden Kevin Sutter, and County Executive Kathy Dahlkemper. In his complaint, Plaintiff alleges violations of his Eighth Amendment and Fourteen Amendment rights stemming from an incident that occurred on or around April 4, 2019, when Plaintiff was issued a misconduct and sent to the RHU after urinating on himself in the visitor room of ECP.

On February 24, 2020, the Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12 or, alternatively Rule 56. ECF No. 19. Their motion remains pending before the Court. On February 28, 2020, the undersigned entered an order directing Plaintiff to respond to the Defendants' motion on or before March 20, 2020. ECF No. 21. The

1

Court presumes that Plaintiff received this briefing order, as it was mailed to his address of record and there is no indication on the docket that it was returned undelivered. ECF No. 22. Nevertheless, Plaintiff did not file a response to Defendants' motion.

Consequently, on July 13, 2020, the Court entered an order directing Plaintiff to show cause why it should not dismiss this action based upon Plaintiff's failure to respond to the Defendants' motion or decide the motion on the basis of the record as it presently stands. ECF No. 23. The Court gave Plaintiff until July 25, 2020 to show cause for his prior default or otherwise respond to the motion to dismiss. Id. To ensure that Plaintiff had received copies of all pertinent documents, the Court directed the Clerk to include with the show cause order another copy of the February 28, 2020 briefing order and copies of the Defendants' motion, supporting brief, and exhibits. Plaintiff was expressly advised that his failure to respond or show cause by July 25, 2020 could potentially result in the Court either dismissing his case for failure to prosecute or deciding the motion on the basis of the record as it presently stands. To date, Plaintiff has failed to respond to the Court's show-cause order.

In light of these circumstances, the Court will now rule upon the Defendants' motion. Some of Plaintiff's federal claims will be dismissed on the merits, pursuant to Rule 12(b)(6) and 28 U.S.C. §1915(e)(2). The remainder of Plaintiff's federal claims will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute this civil action. Plaintiff's pendent state claims will be dismissed on the ground that this Court declines to exercise supplemental jurisdiction over them. Finally, Defendants' alternative motion for summary judgment under Federal Rule of Civil Procedure 56 will be dismissed as moot.

## II.     Standard of Review

When considering a Rule 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted).  In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

Because Plaintiff is proceeding *pro se,* the Court must employ less stringent standards when reviewing the complaint than it would apply if it were judging the work product of an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from both what is alleged and what is not alleged.  *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  In a §1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks and citation omitted); *see also Nam v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.").  Nevertheless, even a

*pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521 (internal quotation marks and citation omitted).

Because Plaintiff is proceeding *in forma pauperis,* this Court has an independent obligation under 28 U.S.C. § 1915(e) to consider the sufficiency of his complaint and to dismiss the claims, *sua sponte*, if they fail to state a claim upon which relief can be granted. *See id.* §1915(e)(2)(B). In conducting this analysis, the Court applies the same standard as would apply under a Rule 12(b)(6) analysis. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Finally, we consider the proper scope of review. When analyzing a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the pleadings, documents attached thereto as exhibits, and matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If additional materials outside the pleadings are presented to the Court, and the Court incorporates those materials into its analysis, the Rule 12(b)(6) motion must be converted, upon notice to the parties, into a summary judgment motion pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d) and 56. However, as an exception, courts may consider documents that are "integral to or explicitly relied upon in the complaint...without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d. Cir. 2014) (*quoting In re Burlington Coat Factory Sec. Litg*., 114 F.3d 1410 (3d. Cir. 1997)) (emphasis omitted).

In this case, the Defendants have appended the following exhibits to their motion (designated Exhibits A through G): (A) an affidavit from Deputy Warden Gary Seymour concerning relevant ECP policies and institutional records (ECF No. 19-1); (B) an ECP Assessment Referral for Plaintiff (ECF No. 19-2); (C) Plaintiff's "Inmate Interview Sheet" (ECF

4

No. 19-3); (D) an excerpt from ECP's "Inmate Handbook" (ECF No. 19-4); (E) Plaintiff's Misconduct Report stemming from the incident in question (ECF No. 19-5); (F) the Misconduct Hearing Report concerning the incident in question (ECF No. 19-6); and (G) a portion of Plaintiff's medication distribution checklist (ECF No. 19-7).  None of these exhibits falls within the categories of materials that may properly be considered in connection with a Rule 12(b)(6) analysis.  Although the Court has the discretion to accept these materials into evidence and convert the pending motion into a Rule 56 motion for summary judgment, it declines to do so.  Instead, the Court will judge the sufficiency of Plaintiff's complaint on the basis of the pleading alone.  It will consider Defendants' appended exhibits only insofar as they inform the Court's analysis under Rule 41(b), as discussed in more detail below.

### III.    Factual Background

The instant lawsuit arises out of an incident that occurred on or around April 4, 2019, when Plaintiff was incarcerated at the Erie County Prison.  On the date in question, Plaintiff was present in the visitation room of ECP, visiting with his brother, Timothy Horton.  ECF No. 13 at 2-3. Mr. Horton asked Officer Jaruszewicz if his brother, Plaintiff, could use the bathroom.  Id.  Because there is no bathroom in the visiting room of ECP, Plaintiff would have needed to leave that area and return to his cell block in order to use the restroom.  Id.  Officer Jaruszewicz denied Plaintiff permission to do so, despite the fact that it was an "emergency."  Id.  Plaintiff subsequently urinated on himself, inadvertently.  Id. at 2-3.  He was then charged with a misconduct for urinating in the visiting room and was taken to the RHU, where he remained for approximately five days.  Id.

Based upon these events, Plaintiff asserts that was subjected to "cruel and unusual punishment" in violation of his rights under the Eighth and Fourteenth Amendments.  ECF No.

5

13 at 2. He states that he was subject to mental "torture" and "public humiliation" and could hear officers taunting him about the incident. Id. at 2-3. Plaintiff claims that these events inflicted emotional harm upon him and caused him to require higher doses of medication. Id.

Elsewhere in his complaint, Plaintiff alludes to Deputy Bryant threatening him with additional misconducts if he grieved the situation. ECF 13 at 3. He also alludes to someone at ECP withholding his medications for a period of 30 days. Id. As relief for the alleged violation of his rights, Plaintiff seeks $4,000,000 and an order directing ECP to install a bathroom in the visiting room area. Id.

### IV. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. §1915(e)(2)

*A. Claims under 42 U.S.C. §1983*

Based upon a liberal reading of the complaint, the Court infers that Plaintiff is asserting claims under 42 U.S.C. §1983, which provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States." In order to establish a valid claim under this statute, Plaintiff must show that the Defendants, while acting under color of state law, violated one or more of his federal constitutional or statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To hold the Defendants personally liable under § 1983, Plaintiff must demonstrate each Defendant's personal involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the Court finds that certain of Plaintiff's putative legal claims are facially deficient in that they fail to state a valid basis upon which relief can be granted.

1. Claims Against ECP

To begin, Plaintiff's claims against ECP (and/or any of its departments) must be dismissed. The prison has no legal or corporate existence apart from Erie County itself; therefore, it is not subject to suit under §1983. *See See Lenhart v. Pennsylvania,* 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam* ) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability [, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (*per curiam* ) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983).

2. Claims Against Erie County

To the extent that Plaintiff is seeking to impose liability on Erie County itself, he must state facts that plausibly establish that an official policy, practice, or custom of the City was the "moving force" behind the alleged violation of his federal rights. *See generally City of Canton, Ohio v. Harris,* 489 U.S. 378, 388-90 (1989); *Polk Cty. v. Dodson,* 454 U.S. 312, 326 (1981); *Monell v. New York City Dept. of Soc. Servs*., 436 U.S. 658, 691, (1978)). Plaintiff has not done so here. Therefore, he has not stated any plausible basis for imposing municipal liability on Erie County, pursuant to §1983.

3. Claims Against Defendants Holman, Hermann, Sutter, Ricci, and Dahlkemper

Next, Plaintiff's claims against Defendants Holman, Hermann, Sutter, Ricci, and Dahlkemper are deficient in that he has failed to allege any personal involvement on their part,

7

relative to the alleged misconduct.  As discussed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.  The requisite personal involvement can be shown through allegations of the defendant's direct participation in the alleged misconduct, his/ her personal direction to others, or his/her actual knowledge of the misconduct and acquiescence therein, provided such allegations are made with the "appropriate particularity." *Id*.  For individuals with policymaking authority, the requisite personal involvement may be shown by demonstrating that the defendant acted with deliberate indifference in establishing a policy that directly caused the alleged constitutional violation.  *See Cirino v. Cty. of Lehigh, Pa*., No. CV 18-03565, 2019 WL 2515840, at *2 (E.D. Pa. June 18, 2019) (citing authority).  Here, Plaintiff's complaint is devoid of any factual content pertaining to alleged actions on the parts of Holmann, Hermann, Sutter, and Dahlkemper.  As for Defendant Ricci, Plaintiff alleges only that this individual reported seeing video of him urinating on the floor.  ECF No. 13 at 2.  There is no factual content in the complaint to suggest how Ricci's involvement in making an apparently accurate report violated Plaintiff's constitutional rights.  Consequently, Plaintiff has failed to state a basis for any relief against Defendants Holman, Hermann, Sutter, Ricci, and Dahlkemper.

    4. <u>Plaintiff's Claims Under the 8th and 14th Amendments</u>

Plaintiff's claims predicated upon Eighth Amendment and Fourteenth Amendment violations require more discussion.  Plaintiff's reference to "cruel and unusual punishment" suggests that he is alleging unconstitutional conditions of his confinement.  The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims

brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Here, the nature of Plaintiff's confinement is not altogether clear: on one hand, the complaint references the Eighth Amendment and indicates that Plaintiff was being confined at ECP in connection with a probation violation as of the time he filed his lawsuit, ECF No. 13 at 1; on the other hand, the complaint also references the Fourteenth Amendment, and Defendants represent that Plaintiff was only a pretrial detainee during the time period relevant to this lawsuit. *See* ECF No. 20 at 7. Pretrial detainees are entitled to "greater constitutional protection than that provided by the Eighth Amendment," *Hubbard,* 399 F.3d at 167 n. 23, since "[d]ue process requires that a pretrial detainee not be punished" for the underlying crimes of which they have not yet been adjudged guilty. *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Consequently, out of an abundance of caution, the Court will construe the relevant allegations in the complaint as asserting a violation of his Fourteenth Amendment due process right to be free from punishment and to receive certain procedural protections.[1]

---

[1] To the extent the Court is correct in assuming Plaintiff's status as a pretrial detainee, his Eighth Amendment rights were not implicated by the events alleged in the complaint; therefore, his §1983 claims predicated upon alleged Eighth Amendment violations must be dismissed.

Assuming for the sake of argument, though, that Plaintiff was actually serving a sentence for a probation violation at the time of the events giving rise to this lawsuit, his Eighth Amendment rights would potentially be implicated, but his complaint still fails to allege an actionable constitutional violation. The conditions of a prisoner's confinement violate the Eighth Amendment's proscription against "cruel and unusual punishment" when the prisoner is denied the "minimal civilized measure of life's necessities" through prison officials' deliberate indifference to a condition posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted); *see also Thomas v. Tice*, 948 F.3d 133, 138-39 (3d Cir. Jan. 15, 2020) (discussing elements necessary to prevail on a conditions of confinement claim). Plaintiff's allegation that he spent five days in the RHU after being denied access to a bathroom and inadvertently urinating on himself fails to rise to this standard. *See e.g., Ledcke v. Pennsylvania Dep't of Corr*., 655 F. App'x 886, 889 (3d Cir. 2016) (*per curiam*) (affirming dismissal of Eighth Amendment claims "premised on (1) an approximate 24-hour period between August 9, 2010 and August 10, 2010 when [plaintiff] claims he was left in a filthy cell with no bedding, double-cuffed in the back, and (2) a 6-day period when he claims he was not permitted to shower or access hygiene products in a cell contaminated with various

As a general proposition, the Fourteenth Amendment does not preclude prisons from sanctioning a pretrial detainee for misconduct that he commits while awaiting trial, "as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003–06 (7th Cir. 1999), *citing Bell,* 441 U.S. at 535, and *citing Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)). Thus, "a restriction or condition of pretrial detention that is reasonably related to a legitimate government objective does not, without more, amount to punishment." *Id.* at 118 (citing *Bell*, 441 U.S. at 535, 539 and *Rapier*, 172 F.3d at 1003 (noting that pretrial detainees can be punished for violating prison rules)). On the other hand, "detention officials' restrictions on pretrial detainees *will* constitute punishment prohibited by the Due Process Clause when: (1) 'there is a showing of express intent to punish on the part of [those] [ ] officials'; (2) 'the restriction or condition is not rationally related to a legitimate non-punitive government purpose,' i.e., 'if it is arbitrary or purposeless'; or (3) 'the restriction is excessive in light of that purpose.'" *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017) (quoting *Stevenson*, 495 F.3d at 67-68) (emphasis added; alterations in the original). To reiterate, the term "punishment" in this context "refers to the punishment of a pretrial detainee for his alleged criminal conduct,

---

bodily fluids"); *Freeman v. Miller*, 615 F. App'x 72, 77 (3d Cir. 2015) (no Eighth Amendment violation where convicted prisoner was placed in a "hard" cell used for suicidal inmates and denied a desk, seat, showers, a mattress, soap, recreation, mail, and toilet paper, and was permitted to wear only underwear and a suicide smock for approximately seven days); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (*per curiam*) (rejecting plaintiff's claim that his Eighth Amendment rights were violated because he was subject to inhumane conditions while confined for several days in an unclean holding cell). In addition, Plaintiff has not alleged the requisite deliberate indifference on the part of those officials who were responsible for placing him in the RHU. *See Young,* 227 F. App'x at 141 (holding that plaintiff's Eighth Amendment claim failed failed, in part, because he did not allege that prison officials acted with deliberate indifference in subjecting him to the challenged conditions).

10

committed *prior* to his detention, for which he has not yet been convicted." *Id*. (citing *Bell*, 441 U.S. at 535-36) (emphasis in the original).

From a procedural standpoint, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).[ ]" *Kanu*, 739 F. App'x at 116. (footnote omitted).  "These protections include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id*.  (citing *Wolff*, 418 at 563–66).

Here, Plaintiff offers no factual allegations to suggest that he was denied the relevant procedural protections.  In terms of his substantive due process rights, Plaintiff has failed to allege that any of the named Defendants "punished" him in a manner prohibited by the Fourteenth Amendment.  In fact, he does not even identify the officials who were responsible for writing up his misconduct and/or placing him in the RHU.  Thus, he has failed to establish the requisite personal involvement of any individual Defendant.  To the extent that Lt. Ricci and/or Officer Jaruszewicz are implicated in this aspect of Plaintiff's §1983 claim, Plaintiff has failed to allege that they harbored an "express intent" to punish him for his pre-incarceration conduct. With respect to Officer Jaruszewicz's actions in refusing to permit Plaintiff to return to his cell block in order to use the bathroom, Plaintiff does not allege that this restrictive action was arbitrary, purposeless, or excessive in light of the prison's legitimate administrative concerns. Similarly, with respect to the issuance of Plaintiff's misconduct and placement in the RHU, the Court cannot infer from the complaint that these measures were unrelated to – or excessive in relation to -- ECP's rational penological or administrative interests. While Plaintiff's averments

11

are consistent with the *possibility* that his due process rights were violated, that is not enough; instead Plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (noting that "plausibility" means "more than a sheer possibility that a defendant has acted unlawfully"). *Id*.

> 5. Plaintiff's Claims Predicated Upon the Withholding of His Medication

Plaintiff also states that his medications were withheld from him for a period of thirty days. As pled, this averment does not give rise to any actionable §1983 claim. Plaintiff does not provide any factual context to support a plausible inference that his substantive due process rights were violated, either as a form of unconstitutional "punishment" under the principles discussed above, or as a form of "deliberate indifference" to his "serious medical needs." *See Williams v. Dauphin Cty. Prison,* No. 1:20-CV-864, 2020 WL 3288179, at *3 (M.D. Pa. June 18, 2020) ("In the context of deficiencies in medical care, an inmate's rights are violated under either the Eighth or Fourteenth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs.") (citing *Farmer v. Brennan,* 511 U.S. 825, 835 (1994) and *Goode v. Giorla,* 643 F. App'x 127, 129 n.3d (3d Cir. 2016)). Moreover, Plaintiff does not connect any of the named Defendants to the alleged withholding of his medications; therefore, he has not shown their personal involvement in this alleged misconduct. Consequently, this aspect of Plaintiff's complaint, as currently pled, does not state a plausible cause of action under §1983.

> 6. Plaintiff's Claims Based on Alleged Interference with the Administrative Grievance Process

Finally, Plaintiff may be attempting to assert a §1983 claim predicated on his allegation that Defendant Bryant threatened him with misconducts if he grieved the events of April 4, 2019.

12

See ECF No. 13 at 3.  Although this averment appears to be presented as Plaintiff's justification for failing to fully exhaust his administrative remedies, it could conceivably give rise to a separate First Amendment violation to the extent that Bryant interfered with Plaintiff's constitutionally protected right to participate in ECP's grievance system.  *See Collazo v. Rozum*, 64 F. App'x 274, 276 (3d Cir. 2016) (The "filing of grievances [is] an activity protected by the First Amendment.") (citing *Fantone v. Latini*, 780 F.3d 184, 192 n.8 (3d Cir. 2015)); *see also Robinson v. Taylor*, 204 F. App'x 15, 157 (3d Cir. 2006) (holding that an inmate's "filing of a grievance to complain about [corrections officer's] behavior is constitutionally protected conduct, and the District Court erred in ruling otherwise.").  Regardless, for the reasons discussed in greater detail below, those aspects of Plaintiff's complaint that might otherwise (i) survive the Court's review under Rule 12(b)(6) and 28 U.S.C. §1915(e)(2) and/or (ii) be amenable to a curative amendment are now subject to dismissal pursuant to Rule 41(b), based upon Plaintiff's failure to prosecute this civil action.

     B.  *Claims Under the ADA*

Although Plaintiff did not specifically invoke the Americans with Disabilities Act in his complaint, Defendants perceive that this statute may be implicated by his averments.  Specifically, they acknowledge an "ostensibl[e] alleg[ation] that the Defendants failed to accommodate [Plaintiff's] 'emergency' needs to use the bathroom on April 4, 2019, thus constituting a violation of the ADA."  ECF No. 20 at 9.  Title II of the ADA, which prohibits 'a public entity' from discriminating against a 'qualified individual with a disability' on account of that individual's disability, provides protection to inmates in state prisons.  *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. §§ 12141 & 12132).  In order to maintain a claim under the ADA, Plaintiff must allege that "he is a qualified individual with a

13

disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *See Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019).

Here, as Defendants observe, Plaintiff has not pled that he is a qualified individual with a disability or that he was discriminated against as the result of a disability. Moreover, "[w]hile the Third Circuit has not addressed the issue precedentially, most courts have held that Title II does not authorize suits against government officers in their individual capacities." *Coit v. Luther*, No. 1:19-CV-02036, 2020 WL 4260765, at *12 (M.D. Pa. July 24, 2020) (internal quotation marks and citations omitted); *see Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (noting that "the District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim"); *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169-70 (3d Cir. 2015) (agreeing with the Second and Eighth Circuits that "Title II of the ADA does not provide for suits against state officers in their individual capacities"). Based upon the persuasive reasoning of these decisions, the undersigned also concludes that Plaintiff cannot maintain any putative ADA damages claims against the Defendants in their individual capacities.

By contrast, Title II of the ADA *does* permit plaintiffs to sue state officials for prospective injunctive relief. *See Koslow v. Commonwealth*, 302 F.3d 161, 179 (3d Cir. 2002) (noting that "federal ADA claims for prospective injunctive relief against state officials are authorized by the *Ex Parte Young* doctrine"). Even so, as noted, the complaint does not allege facts showing that Plaintiff is a qualified individual with a disability and that he "was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination,

by reason of his disability." *See Furgess*, 933 F.3d at 289.  Accordingly, to the extent Plaintiff seeks to assert any ADA claims against the Defendants in their official capacities, such claims are deficient as pled and will be dismissed.

## V.    Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)

The Court will next consider whether dismissal of the complaint is appropriate under Federal Rule of Civil Procedure 41(b).  This rule allows for the involuntary dismissal of a civil action where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b).  A District Court may *sua sponte* dismiss a case under this rule based upon a plaintiff's failure to prosecute. *See Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. Appx'x 857, 858 (3d Cir. 2012).

In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit:*

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 878; *see Brownlee,* 2020 WL 3055829, at *2.  "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc*., 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

15

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se.* He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

As of this writing, the case has been pending for almost nine months and the Defendants' motion to dismiss has been pending for five months. Plaintiff's failure to respond to the Defendants' motion has impeded their ability to advance this litigation or otherwise bring it to a just and efficient resolution. In this respect, Plaintiff's failure to prosecute his claims has prejudiced the Defendants. This factor also weighs in favor of dismissal.

*Plaintiff's History of Dilatoriness*

Although the history of this case is not extensive, Plaintiff has not meaningfully participated in the litigation since February 3, 2020, when his proof of service was filed. ECF No. 16. As discussed, Plaintiff has remained delinquent for months in failing to answer Defendants' motion. In the process, he has disregarded two separate orders from this Court directing his response. On balance, this factor weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad Faith*

Because Plaintiff is proceeding *pro se,* his failure to respond to the Defendants' motion was entirely within his own control and, therefore, presumably willful. This factor favors dismissal.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.,* 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). Here again, this factor favors dismissal.

*The Merit of Plaintiff's Claims*

For the reasons discussed, most of Plaintiff's putative claims have been insufficiently pled or are otherwise not actionable. Given the relatively early stage of this litigation and the lack of discovery, the Court cannot definitively determine whether some of Plaintiff's claims might be successfully re-pled or ultimately proven. However, the exhibits appended to Defendants' motion suggest that there are potentially meritorious defenses to Plaintiff's claims. Moreover, the fact that Plaintiff has apparently abandoned his claims suggests a lack of merit. *See Lawson v. Barger*, No. 1:17-cv-97, 2018 WL 6524382, at *3 (W.D. Pa. Oct. 12, 2018) (plaintiff's failure to address arguments raised in a motion to dismiss warranted inference that plaintiff had abandoned those claims), *report and recommendation adopted*, 2018 WL 6523179, at *1 (W.D. Pa. Dec. 12, 2018); *Lada v. Delaware Cty. Community College*, Civil Action No. 08–cv–4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) (observing that "plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested).

In any event, however, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs in favor of dismissal.

## VI. Amendment

When a district court dismisses a claim under Rule 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002). For the reasons discussed, further amendment of Plaintiff's claim against ECP would be futile, as ECP is not a proper party defendant to a §1983 lawsuit. To the extent Plaintiff's remaining claims are capable of being successfully re-pled, the Court finds that it would be inequitable to allow further amendment, given Plaintiff's repeated failure to prosecute this civil action. Consequently, further amendment is not warranted.

## VII. Plaintiff's State Law Claims

The Court having dismissed Plaintiff's federal claims, the only remaining causes of action are Plaintiff's putative state law claims. Here, the Court perceives that Plaintiff may be attempting to assert common law claims predicated upon the intentional infliction of emotional distress. Plaintiff may also be asserting a disability discrimination claim under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. The Court's sole basis for exercising subject matter jurisdiction over these claims is Congress's grant of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Absent extraordinary circumstances, a federal court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3); *see Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir.), *cert. denied*, 140 S. Ct. 563, 205 L. Ed. 2d 358 (2019). Because no extraordinary circumstances are present in this case that would counsel in favor of this Court

exercising supplemental jurisdiction, the Court will dismiss any remaining state law claims without prejudice to Plaintiff's right to pursue those claims in state court.

## VIII. Conclusion

Based upon the foregoing reasons, Defendants' motion to dismiss will be granted to the extent that Plaintiff's federal claims against Erie County Prison, Deputy Michael Holman, Lt. Jean Ricci, Officer Jaruszewicz, Lt. Roger Hermman, Warden Kevin Sutter, and County Executive Kathy Dahlkemper will be dismissed for failure to state a claim upon which relief can be granted. To the extent Plaintiff has pled a viable §1983 claim against Deputy Michael Bryant, based upon Bryant's alleged interference with Plaintiff's First Amendment rights, that claim is deemed abandoned and will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute this civil action. Any other potentially curable claims will similarly be dismissed, with prejudice, for Plaintiff's failure to prosecute. Plaintiff's pendent state claims will be dismissed on the ground that this Court declines to exercise supplemental jurisdiction over them. Finally, Defendants' alternative motion for summary judgment under Federal Rule of Civil Procedure 56 will be dismissed as moot.

An appropriate Order follows.

SUSAN PARADISE BAXTER
United States District Judge